**UNITED BROTHERS OF THE BAY AREA, INC., et al., Plaintiffs,**

v.

**Sandy FREEDMAN, etc., et al., Defendants.**

**No. 89–1418–CIV–T–17(C).**

United States District Court, M.D. Florida, Tampa Division.

Aug. 6, 1990.

U.B.B.A., Inc., Marzuq A. Al–Hakim, Pres., Tampa, Fla., pro se.

Michael A. Fogarty, Glenn, Rasmussen, Fogarty, Merryday & Russo, Tampa, Fla., for Sandy Freedman.

Mark A. Petche, Tampa, Fla., for F. Dennis Alvarez.

Arthur C. Wallberg, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motions to dismiss filed on December 13, 1989, and response thereto, filed March 27, 1990.

A trial court in ruling on a motion to dismiss for lack of standing must accept all material allegations of the complaint as true, and must construe the complaint in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975) *citing Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

## FACTS

The following facts are alleged by Plaintiffs:

1. On February 2, 1989, Defendants conspired to arrest four black members of the African Peoples Socialist Party (APSP) and one other black citizen, on trumped up charges of unlawful assembly and inciting to riot, and to set excessive bails of One Hundred Thousand Fifty Dollars ($100,-050.00) for said black citizens.

2. Defendants have gone on record stating they will not hesitate to commit such actions in the future if and when faced with similar circumstances.

3. Plaintiffs are black citizens and members of the United Brothers of the Bay Area, Inc.

4. Plaintiffs have participated, are participating and will participate in activities identical to those for which members of the APSP were arrested.

The amended complaint further alleges Plaintiffs are under immediate threat of prosecution and violation of their First, Fourth, Eigth and Fourteenth Amendment rights due to Defendants' actions.

## DISCUSSION

In order to have standing to maintain a suit in federal court, Article III of the United States Constitution mandates that a plaintiff establish a "case or controversy" against the defendant. A plaintff establishes a "case or controversy" by demonstrating:

1) Plaintiff has suffered actual or threatened injury at the hands of the defendant;

2) The injury can be traced to the alleged unlawful conduct, and;

3) The injury will likely be redressed by the requested relief. *Smith v. Meese*, 821 F.2d 1484, 1493 (11th Cir.1987), *reh'g denied*, 835 F.2d 291 (11th Cir.1987). Furthermore, "the litigant must clearly and specifically set forth facts sufficient to satisfy these Article III standing requirements." *Whitmore v. Arkansas*, — U.S. ——, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).

This Court will focus upon the first prong of the standing tripartite test for the remainder of the discussion. A plaintiff must suffer or be threatened with an "injury in fact". This means,

> Abstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both "real and immediate" not "conjectural" or "hypothetical," *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (citations omitted).

As neither of the individual Plaintiffs, nor any member of the United Brothers of the Bay Area, Inc., was arrested on February 2, 1989 and subjected to the alleged conspiracy of the Defendants, this is obviously a question of threatened injury as opposed to actual injury. A plaintiff cannot assert the legal rights or interests of a third party. *Warth*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, (citations omitted).

While it is true there are instances when an *organization* may represent the interests of its members, *N.A.A.C.P. v. Alabama,* 357 U.S. 449, 458, 78 S.Ct. 1163, 1169, 2 L.Ed.2d 1488 (1958), the United Brothers of the Bay Area, Inc. was dismissed from this action on March 2, 1990.

Plaintiffs maintain they are in immediate threat of being arrested and subjected to the same conspiracy as the five black citizens who were arrested on February 2, 1990, and that this threat has had a "chilling effect" upon their First Amendment rights. With regards to the threat of arrest and prosecution, it must be noted that the Plaintiffs are not contesting the validity of the criminal laws under which they would be arrested, but instead are contesting official misconduct and abuse of those laws. The Plaintiffs would have to be arrested in order to be subjected to the alleged official misconduct.

> We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners.... Under these circumstances, where respondents do not claim any constitutional right to engage in conduct proscribed by therefore presumably permissible state laws, or indicate that it is otherwise their intention to so conduct themselves, the threat of injury from the alleged course of conduct they attack is simply too remote to satisfy case-or-controversy requirement and permit adjudication by a federal court. *O'Shea v. Littleton,* 414 U.S. 488, 497–498, 94 S.Ct. 669, 677, 38 L.Ed.2d 674 (1974).

Therefore, in light of *O'Shea* this Court must assume that the Plaintiffs will act within the confines of the law and thereby avoid the effects of the Defendants' alleged conspiracy.

■ Turning to the "chilling effect" of Plaintiffs' First Amendment rights, "allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm," *Laird v. Tatum,* 408 U.S. 1, 13–14, 92 S.Ct. 2318, 2325–26, 33 L.Ed.2d 154 (1972), *reh'g denied,* 409 U.S. 901, 93 S.Ct. 94, 34 L.Ed.2d 165 (1972), 479 U.S. 911, 107 S.Ct. 309, 93 L.Ed.2d 284 (1986). However, a plaintiff can overcome the "subjective chill" hurdle with sufficient demonstrations of the "chilling effect" in their complaint. *See Meese v. Keene,* 481 U.S. 465, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987). The 11th Circuit Court of Appeals in *Smith v. Meese,* 821 F.2d 1484 (11th Cir.1987), found the plaintiff's complaint to contain enough factual allegations of a "chilling effect" when the complaint was, "an attack by a group of people on a specifically articulated discriminatory governmental policy *which has already had the demonstrable objective effect of limiting, or chilling the exercise of protected constitutional rights." Id.* at 1494, (emphasis added).

■ Plaintiffs' demonstrations in this case simply do not rise to the level of specificity found in *Smith v. Meese,* 821 F.2d 1484, or *Meese v. Keene,* 481 U.S. 465, 107 S.Ct. 1862. Plaintiffs' state in their amended complaint that they "have participated, are participating, and will participate in activities identical to those which the APSP members were arrested," (Amended Complaint filed November 9, 1989, p. 8). While the Court must accept this as true, this allegation does not rise above that of a "subjective chill". The Plaintiffs have simply not set forth the requisite facts to substantiate their claim for standing. Accordingly, it is

ORDERED that the motion to dismiss be granted and Plaintiffs shall have up to and including August 16, 1990, in which to file a second amended complaint.

DONE and ORDERED.